UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
KEVIN C. ROBINSON,                                   )
     Plaintiff,                                        )
                             )
vs.                                                  )     C.A. No. 1:16-cv-12560-NMG
                             )
TOWN OF MARSHFIELD, ROCCO                           )
LONGO, in his Official Capacity and                 )
Individually, and JOHN E. HALL, in his             )
Official Capacity and Individually,                 )
     Defendants.                                       )
_____)

## ANSWER AND JURY DEMAND OF DEFENDANTS, TOWN OF MARSHFIELD, ROCCO LONGO AND JOHN E. HALL

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim against the defendants, Town of Marshfield, Rocco Longo and John E. Hall, upon which relief can be granted and, therefore, must be dismissed.

### SECOND DEFENSE

The defendants, Town of Marshfield, Rocco Longo and John E. Hall ("defendants"), hereby respond to plaintiff's Complaint, paragraph by paragraph, as follows:

### Nature of Claim

The defendants neither admit nor deny the statements contained in the first un-numbered paragraph as they are conclusions of law to which no response is required.

### Administrative Proceedings

1.    The defendants admit the plaintiff filed a charge with the Massachusetts Commission Against Discrimination ("MCAD") and the Equal Employment Opportunity Commission ("EEOC") on or about December 18, 2015.  The defendants neither admit nor deny the contents of said charge as it is a written document that speaks for itself.

2.      The defendants admit that, on or about September 19, 2016, the EEOC issued a Notice of Right to Sue to the plaintiff.

3.      The defendants neither admit nor deny the statement contained in Paragraph 3 as it is a conclusion of law to which no response is required.

**Jurisdiction**

4.      The defendants do not contest subject matter jurisdiction.

5.      The defendants do not contest supplemental jurisdiction.

6.      The defendants do not contest venue.

**Parties**

7.      The defendants admit the allegations contained in Paragraph 7.

8.      The defendants admit the allegations contained in Paragraph 8.

9.      The defendants admit the allegations contained in Paragraph 9.

10.     The defendants admit the allegations contained in Paragraph 10.

11.     The defendants admit the plaintiff was an employee of the Town of Marshfield within the meaning of G.L. c. 151B and the Age Discrimination in Employment Act ("ADEA"), but neither admit nor deny that plaintiff held said status "at all times relevant to this lawsuit," because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

12.     The defendants can neither admit nor deny that the plaintiff, as Fire Chief, "was a public figure" for all purposes and, therefore, call upon the plaintiff to prove the allegation contained in Paragraph 12.

13.     The defendants neither admit nor deny the allegations regarding "the Town's management team," as there is no such body, agency or department within Town government.  The defendants admit that Rocco Longo is an adult individual residing in Duxbury, Plymouth County, and that

Mr. Longo, at all relevant times, acted within the scope of his authority as Town Administrator. The defendants deny the remainder of the allegations contained in Paragraph 13.

14.     The defendants admit that, at all relevant times, Rocco Longo acted within the scope of his authority as Town Administrator, but otherwise deny the remainder of the allegations contained in Paragraph 14.

15.     The defendants admit that John E. Hall is an adult individual residing in Marshfield, MA. The defendants further admit that Mr. Hall is a former Chair of the Marshfield Board of Selectmen and that, at all relevant times, Mr. Hall acted within the scope of his authority.  The defendants neither admit nor deny the scope of Mr. Hall's authority as that is a conclusion of law to which no response is required.

16.     The defendants deny the allegations contained in Paragraph 16.

17.     The defendants admit that the duly-elected Marshfield Board of Selectmen acts as the executive body within Town government.  The defendants further admit that the Marshfield Board of Selectmen consists of three members, and that Matthew J. McDonough and Stephen G. Robbins served as two of those members.  The defendants neither admit nor deny that Messrs. McDonough and Robbins were members of the Board "during all times relevant to this Complaint," because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

### Facts

18.     The defendants admit the allegations contained in Paragraph 18.

19.     The defendants admit the allegations contained in Paragraph 19.

20.     The defendants admit the plaintiff served as the Marshfield Fire Chief for approximately 12 years, but deny the remainder of the allegations contained in Paragraph 20.

21.     The defendants admit the allegations contained in Paragraph 21.

22.     The defendants deny that the plaintiff received "numerous accolades" during his 12-year tenure as the Marshfield Fire Chief regarding "his performance and/or that of his Department . . .." This self-serving and subjective phrase is too broad and ambiguous for defendants to form an appropriate response.  The defendants deny that the plaintiff "consistently [received] positive evaluations of his performance from the [Board of Selectmen]."

23.     The defendants neither admit nor deny the contents of plaintiff's FY12 performance evaluation as it is a written document that speaks for itself.

24.     The defendants neither admit nor deny the contents of the Marshfield Fire Chief's job description and/or the plaintiff's employment contract as said job description and contract are written documents that speak for themselves.

25.     The defendants neither admit nor deny the terms and provisions of G.L. c. 48, § 42, as they are conclusions of law to which no response is required.  The defendants likewise neither admit nor deny plaintiff's interpretation of "his duties" as a conclusion of law to which no response is required.  In the event a response is nonetheless required, the defendants deny plaintiff's interpretation of his duties as inaccurate and incomplete and, therefore, call upon the plaintiff to prove same.

26.     The defendants admit that some Town employees who work at the Marshfield Fire Department have members of their immediate families who work in the same Fire Department.

27.     The defendants neither admit nor deny the definition contained in G.L. c. 268A, § 1(e), as it is a conclusion of law to which no response is required.

28.     The defendants neither admit nor deny plaintiff's interpretation of Massachusetts Conflict of Interest laws as said interpretation is a conclusion of law to which no response is required.

29.     The defendants admit the allegations contained in Paragraph 29.

30.     The defendants admit the allegations contained in Paragraph 30.

31.     The defendants admit that, in November 2013, the Town hired Shauna Robinson and another female applicant, Jodi Corrigan, over two male applicants for the position of firefighter/paramedic within the Marshfield Fire Department.   In further responding, the defendants state that, pursuant to G.L. c. 31, § 61, all newly-hired firefighters are subject to a one-year probationary period before they are considered full-tenured firefighters.   The defendants further admit Ms. Robinson is the plaintiff's niece.

32.     The defendants neither admit nor deny the allegations contained in Paragraph 32, because they have no actual knowledge of same and, therefore, call upon plaintiff to prove same.

33.     The defendants neither admit nor deny the allegations contained in Paragraph 33, because they have no actual knowledge of same and, therefore, call upon plaintiff to prove same.

34.     The defendants admit the defendant, Rocco Longo, was opposed to hiring a fourth member of the Robinson family to serve on the Marshfield Fire Department.   The defendants deny, however, any inference that Mr. Rocco's opposition was based on Shauna Robinson's gender.

35.     The defendants deny the allegations contained in Paragraph 35.

36.     The defendants deny the allegations contained in Paragraph 36.

37.     The defendants neither admit nor deny whether Shauna Robinson qualified as a member of the plaintiff's "immediate family" within the meaning of G.L. c. 268A, § 1, as such status is a conclusion of law to which no response is required.   The defendants neither admit nor deny the contents of the plaintiff's "Disclosure of Appearance of Conflict of Interest" regarding Ms. Robinson's employment, as said Disclosure is a written document that speaks for itself.

38.     The defendants neither admit nor deny the contents of the plaintiff's "Disclosure of Appearance of Conflict of Interest" regarding Shauna Robinson's employment, as said Disclosure

is a written document that speaks for itself.  In the event a response is nonetheless required, the defendants deny the allegations contained in Paragraph 38.

39.     The defendants neither admit nor deny the contents of the plaintiff's "Disclosure of Appearance of Conflict of Interest" regarding Shauna Robinson's employment, as said Disclosure is a written document that speaks for itself.  In the event a response is nonetheless required, the defendants deny the allegations contained in Paragraph 39.

40.     The defendants deny the allegations contained in Paragraph 40.

41.     The defendants admit that "concerns" and deficiencies regarding Shauna Robinson's training and progress were brought to the attention of the plaintiff even earlier than January 2014.

42.     The defendants deny the allegations contained in Paragraph 42.

43.     The defendants deny that Shauna Robinson was treated differently than similarly-situated male firefighters within the Marshfield Fire Department and/or that such treatment was on the basis of her gender.  The defendants neither admit nor deny the scope of the obligations of an appointing authority, as this is a conclusion of law to which no response is required.  In the event a response is nonetheless required, the defendants deny that the plaintiff was "require[d] . . . to take action in response."

44.     The defendants admit that, in the past, the plaintiff has "looked into" issues concerning the training, treatment and progress of firefighters at the Marshfield Fire Department, but deny the remainder of the allegations contained in Paragraph 44.

45.     The defendants admit that, on or about January 20, 2014, the plaintiff met with defendant, Rocco Longo, and labor counsel, Attorney John Clifford, to discuss a possible conflict (or conflicts) of interest in matters involving Shauna Robinson.  The defendants neither admit nor

deny the allegations contained in the second sentence of Paragraph 45, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

46.     The defendants admit the plaintiff acknowledged that the same standards applicable to other new firefighters applied to Shauna Robinson as well.

47.     The defendants neither admit nor deny the contents of the Disclosure filed by the plaintiff in October 2013, as it is a written document that speaks for itself.  The defendants deny the remainder of the allegations contained in Paragraph 47.

48.     The defendants admit the allegations contained in Paragraph 48.

49.     The defendants admit the defendant, Rocco Longo, referred several issues to the State Ethics Commission.

50.     The defendants admit that, following the meeting, labor counsel, Attorney John Clifford, sent an email to the plaintiff and defendant, Rocco Longo, summarizing the meeting.  The email is an electronic document that speaks for itself.  In the event a response is nonetheless required, the defendants admit that Attorney Clifford recommended that the plaintiff and Marshfield Fire Captain Shaun Robinson "should not engage in any activity that could be deemed to impede or interfere with an investigation [into conflicts of interest], or retaliate against persons that are involved or could become involved in the investigation into these allegations."  Attorney Clifford also recommended that Mr. Longo "contact a Fire Chief/Paramedic from a neighboring community to assist and advise him in decisions regarding Shauna Robinson's training, assessment and progress during probation.  Deputy Chief Hocking will also participate, only to the extent necessary to be a conduit for feedback regarding Shauna's progress and to implement the recommendations made by Rocco [Longo] and the designated Fire Chief/Paramedic."  The

defendants deny that Attorney Clifford's recommendations were "above and beyond what the law require[s]," and further deny the remainder of the allegations contained in Paragraph 50.

51.     The defendants admit that, following the meeting, labor counsel, Attorney John Clifford, sent an email to the plaintiff and defendant, Rocco Longo, summarizing the meeting.  The email is an electronic document that speaks for itself.  In the event a response is nonetheless required, the defendants admit that Attorney Clifford further recommended that, "[i]f Rocco [Longo] and the designated Fire Chief/Paramedic determine, after appropriate monitoring, that Firefighter Shauna Robinson should be terminated for not meeting the appropriate standards during her probationary period, they should forward that determination/justification to Chief Robinson, in writing."  The defendants further admit that the plaintiff agreed in writing to follow any such recommendation from the Town Administrator and the designated Fire Chief/Paramedic regarding Shauna Robinson.  The defendants deny the remainder of the allegations contained in Paragraph 51.

52.     The defendants deny the allegations contained in Paragraph 52.

53.     The defendants admit that, on or about March 28, 2014, the defendant, Rocco Longo, sent a memorandum to the plaintiff captioned "Shauna Robinson, Conflict of Interest."  The defendants neither admit nor deny the date plaintiff received the memorandum, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.  The defendants neither admit nor deny the contents of the memorandum as it is a written document that speaks for itself. The defendants deny the remainder of the allegations contained in Paragraph 53.

54.     The defendants neither admit nor deny the contents of the March 28, 2014 memorandum as it is a written document that speaks for itself.  In further responding, the defendants deny that

the two Fire Chiefs (Whitman Fire Chief Tim Grenno and Rockland Fire Chief Scott Duffey) made any such "recommendation" as described in Paragraph 54.

55.     The defendants deny that the two Fire Chiefs were asked for their recommendations regarding Ms. Robinson's termination; therefore, the defendants admit the two Fire Chiefs offered no such recommendations.  In further responding, the defendants state that the two Fire Chiefs agreed that Shauna Robinson demonstrated deficiencies in her work and was not qualified, at that time, to work as a shift strength firefighter/paramedic.

56.     The defendants admit that the two Fire Chiefs suggested Shauna Robinson be assigned to another group.  The defendants further admit that the defendant, Rocco Longo, did not agree to that suggestion as the plaintiff's brother, Marshfield Fire Captain Shaun Robinson, and plaintiff's son, Marshfield Fire Lieutenant Craig Robinson, were already assigned to two of the three remaining groups, and the plaintiff himself had expressed reservations regarding Ms. Robinson's assignment to the remaining group.  The defendants admit that Mr. Longo engaged the services of Glenn B. Coffin, B.A., R.P., EMT-I/C, of Emergency Medical Teaching Services, Inc. ("EMTS"), to perform an assessment of Ms. Robinson's paramedic skills.  In further responding, the defendants state that the EMTS assessment found that Ms. Robinson was hesitant, lacked confidence, demonstrated difficulty in diagnosing patients and showed "gaps in protocol and procedure knowledge and application."

57.     The defendants admit that EMTS recommended Ms. Robinson undergo remedial training.  The defendants deny EMTS was asked for its recommendation regarding Ms. Robinson's termination; therefore, the defendants admit EMTS offered no such recommendation.  EMTS agreed, however, that Ms. Robinson was not ready to be assigned as a paramedic on a shift.

58.     The defendants neither admit nor deny the allegations contained in Paragraph 58, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.  The defendants deny any inference that the defendant, Rocco Longo, discriminated against Shauna Robinson because of her gender.

59.     The defendants admit Shauna Robinson was not ready to be assigned as a paramedic on a shift and that the two Fire Chiefs and EMTS concurred.  The defendants further admit that the defendant, Rocco Longo, and labor counsel, Attorney John Clifford, recommended that Ms. Robinson consider withdrawing as a probationary candidate until she could improve her skills, knowledge and confidence as a paramedic.  The defendants admit that Mr. Longo and labor counsel further recommended that, if Ms. Robinson chose not to withdraw, she should be terminated on April 4, 2014.  The defendants deny the remainder of the allegations contained in Paragraph 59.

60.     The defendants neither admit nor deny whether Marshfield Fire Deputy Chief Hocking "concurred" in the recommendation that Shauna Robinson was not ready to be assigned as a paramedic on a shift because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.  The defendants deny Deputy Chief Hocking acted as managing agent for the Town.  The defendants admit Deputy Chief Hocking took no steps to oppose the defendant, Rocco Longo's, recommendation.

61.     The defendants deny the alleged "disparate treatment" and, therefore, deny the allegations contained in Paragraph 61.

62.     The defendants admit that the plaintiff "voiced his disagreement" with the termination of his niece, Shauna Robinson, but deny his alleged reasons for doing so.

63.    The defendants admit that, after the plaintiff unilaterally announced his intention to permit his niece, Shauna Robinson, to continue her employment over the defendant, Rocco Longo's recommendation, Mr. Longo warned the plaintiff that he was in violation of the restrictions imposed by the Board of Selectmen in response to his 2013 Disclosures, as well as the January 20, 2014 agreement he had made with labor counsel and the Town Administrator.  The defendants deny the remainder of the allegations contained in Paragraph 63.

64.    The defendants admit that, in violation of the restrictions imposed by the Board of Selectmen in response to his 2013 Disclosures, in violation of his January 20, 2014 agreement with labor counsel and the Town Administrator to follow the Town Administrator's recommendations regarding his niece, Shauna Robinson, and in violation of state ethics laws, the plaintiff continued to take steps to keep his niece employed in the Marshfield Fire Department.  The defendants deny the remainder of the allegations contained in Paragraph 64.

65.    The defendants admit that, in violation of the restrictions imposed by the Board of Selectmen in response to his 2013 Disclosures, in violation of his January 20, 2014 agreement with labor counsel and the Town Administrator to follow the Town Administrator's recommendations regarding his niece, Shauna Robinson, and in violation of state ethics laws, the plaintiff continued to take steps to keep his niece employed in the Marshfield Fire Department.  The defendants deny the remainder of the allegations contained in Paragraph 65.

66.    The defendants neither admit nor deny the contents of the plaintiff's memorandum to the Town Administrator dated April 7, 2014, as it is a written document that speaks for itself.

67.    The defendants admit that, on or about April 7, 2014, the plaintiff received a grievance from the firefighters' union, IAFF Local 256, but neither admit nor deny the contents of said grievance as it is a written document that speaks for itself.

68.     The defendants neither admit nor deny the contents of the Collective Bargaining Agreement with the firefighters' union, as it is a written document that speaks for itself.

69.     The defendants neither admit nor deny the contents of the Collective Bargaining Agreement with the firefighters' union, as it is a written document that speaks for itself.

70.     The defendants admit that, on April 14, 2014, the Board of Selectmen held a hearing in executive session on a grievance filed by the firefighters' union regarding the plaintiff's assignment of his niece, Shauna Robinson, to "shift strength" without proper procedure or documentation in violation of the Collective Bargaining Agreement.  The defendants neither admit nor deny the contents of the grievances or the Collective Bargaining Agreements as they are written documents that speak for themselves.  The defendants deny the reminder of the allegations contained in Paragraph 70.

71.     The defendants admit that, on April 14, 2014, the Board of Selectmen held a hearing in executive session on a grievance filed by the firefighters' union regarding the plaintiff's assignment of his niece, Shauna Robinson, to "shift strength" without proper procedure or documentation in violation of the Collective Bargaining Agreement.  The defendants neither admit nor deny the contents of the grievances or the Collective Bargaining Agreements as they are written documents that speak for themselves.  The defendants deny the reminder of the allegations contained in Paragraph 71.

72.     The defendants neither admit nor deny the contents of the grievances as they are written documents that speak for themselves.

73.     The defendants deny that the plaintiff "had insufficient time to prepare for the grievance hearing."  The defendants admit the plaintiff raised issues of disparate treatment during the hearing,

but then agreed that the male firefighters to whom he was referring were not similarly situated to his niece.  The defendants deny the remainder of the allegations contained in Paragraph 73.

74.    The defendants admit the plaintiff raised issues of disparate treatment during the hearing, but then agreed that the male firefighters to whom he was referring were not similarly situated to his niece.  The defendants deny the remainder of the allegations contained in Paragraph 74.

75.    The defendants deny a "similar situation" existed in 2012 and, therefore, deny the allegations contained in Paragraph 75.

76.    The defendants deny the "utter lack of specific information" and the absence of any "indication" of a need for additional training and, therefore, deny the allegations contained in Paragraph 76.

77.    The defendants admit the plaintiff raised issues of disparate treatment during the hearing, but then agreed that the male firefighters to whom he was referring were not similarly situated to his niece.  The defendants deny the remainder of the allegations contained in Paragraph 77.

78.    The defendants neither admit nor deny when plaintiff received the memorandum from defendant, Rocco Longo, and neither admit nor deny the reason(s) for why Shauna Robinson resigned from her position.  The defendants have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.  The defendants admit that, on or about April 14, 2014, the plaintiff attended a Board of Selectmen meeting held in executive session and, at that time, revealed to the Board a letter of resignation signed by Ms. Robinson the previous day.  The defendants deny Mr. Longo's alleged "ultimatum" and further deny the remainder of the allegations contained in Paragraph 78.

79.    The defendants neither admit nor deny the allegations contained in Paragraph 79, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

80.     The defendants admit the plaintiff had an employment contract with the Town, but neither admit nor deny the terms or provisions of same as the contract is a written document that speaks for itself.  The defendants deny the remainder of the allegations contained in Paragraph 80.

81.     The defendants deny the allegations contained in Paragraph 81.

82.     The defendants deny the allegations contained in Paragraph 82.

83.     The defendants admit that in May or June 2014, the plaintiff raised the issue of his contract extension with the Board of Selectmen.  The defendants further admit that the defendant, John E. Hall, recommended that the plaintiff meet first with the Town Administrator and labor counsel, Attorney John Clifford.  The defendants deny the remainder of the allegations contained in Paragraph 83.

84.     The defendants admit that, on June 17, 2014, a meeting was held at the offices of labor counsel, Attorney John Clifford.

85.     The defendants admit that the plaintiff offered to accept a salary increase and contract extension.

86.     The defendants admit that, during the meeting, labor counsel, Attorney John Clifford, informed the plaintiff of the Board of Selectmen's concerns regarding the plaintiff's multiple violations of state ethics laws in his handling of issues concerning his niece, Shauna Robinson, and his brother, Captain Shaun Robinson, as well as the possible consequences of an adverse finding by the State Ethics Commission.  Attorney Clifford also advised the plaintiff that, in his view, the ethical violations with which the plaintiff was charged would likely result in adverse findings against him.  Attorney Clifford accordingly recommended that the plaintiff retire so that he could save his reputation before the State Ethics Commission issued its findings.  The defendants deny the remainder of the allegations contained in Paragraph 86.

87.     The defendants deny the allegations contained in Paragraph 87.

88.     The defendants deny the allegations contained in Paragraph 88.

89.     The defendants deny the allegations contained in Paragraph 89.

90.     The defendants neither admit nor deny the allegations contained in Paragraph 90, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

91.      The defendants neither admit nor deny the allegations contained in Paragraph 91, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

92.     The defendants admit the Board of Selectmen met in executive session on June 30, 2014, but deny that the meeting was "unbeknownst to Robinson," deny that the Board discussed the reputation, character, physical condition or mental health of the plaintiff, deny that the Board discussed complaints or charges brought against the plaintiff, and further deny any inference that the meeting was otherwise unlawful.  Rather, the Board met to discuss strategy with regard to plaintiff's request for a salary increase and contract extension.  The defendants admit the remainder of the allegations contained in Paragraph 92.

93.     The defendants admit that the Town filed complaints against the plaintiff and Captain Shaun Robinson with the State Ethics Commission, but neither admit nor deny the contents of same as they are written documents that speak for themselves.  In further responding, the defendants state that, on January 22, 2014, labor counsel, Attorney John Clifford, advised the plaintiff of the Town's intent to file such complaints.  The plaintiff, in turn, agreed to cooperate in any investigation into the complaints.  The defendants deny the allegations contained in the second sentence of Paragraph 93.

94.     The defendants admit the plaintiff did not retire in September 2014, but deny the remainder of the allegations contained in Paragraph 94.

95.     The defendants admit that, at the suggestion of the State Ethics Commission, the Board of Selectmen voted unanimously, on November 24, 2015, to retain Attorney Mark Smith at the firm of Laredo & Smith, LLP, to conduct an investigation of the Marshfield Fire Department and to report on any potential violations of the state ethics laws.  The defendants deny the remainder of the allegations contained in Paragraph 95.

96.     The defendants neither admit nor deny the terms or provisions of plaintiff's employment contract as it is a written document that speaks for itself.  The defendants neither admit nor deny the method of service, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

97.     The defendants neither admit nor deny the allegations contained in Paragraph 97, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

98.     The defendants neither admit nor deny the allegations contained in Paragraph 98, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

99.     The defendants neither admit nor deny the allegations contained in Paragraph 99, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

100.    The defendants admit that, on or about January 2, 2015, the plaintiff sent a letter to the defendant, John E. Hall.  The defendants neither admit nor deny the contents of said letter as it is a written document that speaks for itself.

101.    The defendants admit that, in response to plaintiff's letter of January 2, 2015, the Board of Selectmen retained Attorney Regina Ryan at the firm of Louison, Costello, Condon & Pfaff, LLP, to conduct an investigation into plaintiff's allegations of discrimination and harassment.

102.    The defendants admit the plaintiff provided Attorney Ryan with a 12-page typewritten document.  The defendants neither admit nor deny the contents of said document as the writing speaks for itself.

103.    The defendants admit the allegations contained in Paragraph 103.

104.    The defendants admit the allegations contained in Paragraph 104.  In further responding, the defendants state that, on January 31, 2017, the Massachusetts Commission Against Discrimination issued a Dismissal and Notification of Rights on a Lack of Probable Cause Finding regarding Shauna Robinson's charge.

105.    The defendants admit that, on or about January 19, 2015, the Town received a public records request from Shauna Robinson.  The defendants neither admit nor deny the contents of said request as it is a written document that speaks for itself.  The defendants admit that the plaintiff provided certain documents to Town Counsel Robert Galvin who, in turn, reviewed the same to determine which documents were both responsive to Ms. Robinson's request and qualified as non-exempt public records under Massachusetts law.   The defendants deny the remainder of the allegations contained in Paragraph 105.

106.    The defendants admit that, on or about February 10, 2015, the defendant, John E. Hall, sent a letter to the plaintiff.  The defendants neither admit nor deny the contents of said letter as it is a written document that speaks for itself.  The defendants admit Mr. Hall did not provide a copy of Attorney Ryan's report to the plaintiff.  The defendants admit the Town Administrator and labor counsel, Attorney John Clifford, received copies of Attorney Ryan's report.

107.    The defendants admit that, on or about February 25, 2015, Attorney Mark Smith issued a Memorandum to the Board of Selectmen regarding the outcome of his investigation of the Marshfield Fire Department.   The defendants neither admit nor deny the contents of said

Memorandum as it is a written document that speaks for itself. The defendants neither admit nor deny the allegations contained in the second sentence of Paragraph 107, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

108.    The defendants neither admit nor deny the contents of the Memorandum issued by Attorney Mark Smith as it is a written document that speaks for itself.

109.    The defendants neither admit nor deny the statement contained in Paragraph 109 as it is conclusion of law to which no response is required.

110.    The defendants admit the Board of Selectmen scheduled a meeting to be held in executive session on February 27, 2015. The defendants neither admit nor deny the contents of the Agenda as it is a written document that speaks for itself.

111.    The allegation regarding "rumors [that] had been circulating" is too vague and ambiguous for defendants to form an appropriate response and, therefore, the defendants deny the allegations contained in Paragraph 111.

112.    The defendants admit the allegations contained in Paragraph 112, adding only that the plaintiff was placed on "paid" administrative leave.

113.    The defendants admit the plaintiff was placed on paid administrative leave by letter dated March 2, 2015, but neither admit nor deny the contents of said letter, as it is a written document that speaks for itself. The defendants deny plaintiff's suggestion that plaintiff was placed on paid administrative leave because of his purported "complaint of discrimination"; rather, he was placed on paid administrative leave because of his state ethics violations as exhaustively catalogued in the Memorandum issued by Attorney Smith.

114.    The defendants admit the allegations contained in Paragraph 114.

115.    The defendants neither admit nor deny what plaintiff "noted" upon his arrival, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove the allegations contained in the first sentence of Paragraph 115.   The defendants neither admit nor deny the remainder of the allegations contained in Paragraph 115, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

116.    The defendants deny the allegations contained in the first sentence of Paragraph 116.   The defendants neither admit nor deny the remainder of the allegations contained in Paragraph 116, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

117.    The defendants neither admit nor deny the allegations contained in Paragraph 117, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

118.    The defendants neither admit nor deny the allegations contained in Paragraph 118, because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

119.    The defendants neither admit nor deny the contents of the Notice of Placement on Administrative Leave as it is a written document that speaks for itself.   The defendants neither admit nor the deny the allegations contained in the second sentence of Paragraph 119 because they have no actual knowledge of same and, therefore, call upon the plaintiff to prove same.

120.    The defendants neither admit nor deny the contents of the Notice of Placement on Administrative Leave as it is a written document that speaks for itself.  The defendants admit that the plaintiff's cell phone and email access were suspended during his administrative leave.  The defendants deny the plaintiff was "unable to even notify anyone" and, therefore, deny the remainder of the allegations contained in Paragraph 120.

121.    The defendants neither admit nor deny the contents of the Notice of Placement on Administrative Leave as it is a written document that speaks for itself.

122.    The defendants neither admit nor deny the contents of the Notice of Placement on Administrative Leave as it is a written document that speaks for itself.

123.    The defendants admit they advised the plaintiff of his rights, but neither admit nor deny the contents of the Notice to Show Cause as it is a written document that speaks for itself.

124.    The defendants deny the allegations contained in Paragraph 124.

125.    The defendants neither admit nor deny the contents of the local news website as it is an electronic document that speaks for itself.

126.    The defendants neither admit nor deny the contents of the Patriot Ledger as it is a written document that speaks for itself.

127.    The defendants neither admit nor deny the contents of the Patriot Ledger as it is a written document that speaks for itself.

128.    The defendants neither admit nor deny the contents of the Patriot Ledger as it is a written document that speaks for itself.

129.    The defendants neither admit nor deny the contents of "numerous articles" that allegedly appeared "in local publications," as they are written and electronic documents that speak for themselves.

130.    The defendants deny the allegations contained in Paragraph 130.

131.    The defendants deny the allegations contained in Paragraph 131.

132.    The defendants admit the allegations contained in Paragraph 132.

133.    The defendants admit the Town appointed former Deputy Chief Hocking as Fire Chief. The defendants neither admit nor deny the contents of the Fire Chief job description as it is a written document that speaks for itself.

134.    The defendants admit Deputy Chief Hocking was 52 years old at the time he was appointed Fire Chief, but deny he was "substantially" younger than the plaintiff.

135.    The defendants neither admit nor deny the scope of Deputy Chief Hocking's authority as that is a conclusion of law to which no response is required.  The defendants deny the remainder of the allegations contained in Paragraph 135.

136.    The defendants admit the allegations contained in Paragraph 136.

137.    The defendants admit Captain Cipullo was a training officer.  The defendants neither admit nor deny the scope of Captain Cipullo's authority as that is a conclusion of law to which no response is required.  The defendants deny the remainder of the allegations contained in Paragraph 137.

138.    The defendants neither admit nor deny the contents of "numerous articles" that allegedly appeared "in local publications," as they are written and electronic documents that speak for themselves.

139.    The defendants deny the allegations contained in Paragraph 139.

140.    The defendants deny the allegations contained in Paragraph 140.

141.    The defendants deny the allegations contained in Paragraph 141.

142.    The defendants deny the allegations contained in Paragraph 142.

143.    The defendants deny the allegations contained in Paragraph 143.

144.    The defendants deny the allegations contained in Paragraph 144.

145.    The defendants deny the allegations contained in Paragraph 145.

## Count 1: Age Discrimination in Employment
### (All Defendants)

146.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 145 above.

147.    The defendants deny the allegations contained in Paragraph 147.

148.    The defendants deny the allegations contained in Paragraph 148.

149.    The defendants deny the allegations contained in Paragraph 149.

## Count 2: Retaliation
### (All Defendants)

150.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 149 above.

151.    The defendants deny the allegations contained in Paragraph 151.

152.    The defendants deny the allegations contained in Paragraph 152.

153.    The defendants deny the allegations contained in Paragraph 153.

154.    The defendants deny the allegations contained in Paragraph 154.

## Count 3: Failure to Investigate and Remedy
### (Town of Marshfield)

155.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 154 above.

156.    The defendants deny the allegations contained in Paragraph 156.

157.    The defendants deny the allegations contained in Paragraph 157.

158.    The defendants deny the allegations contained in Paragraph 158.

159.    The defendants deny the allegations contained in Paragraph 159.

160.    The defendants deny the allegations contained in Paragraph 160.

161.    The defendants deny the allegations contained in Paragraph 161.

162.    The defendants deny the allegations contained in Paragraph 162.

163.    The defendants deny the allegations contained in Paragraph 163.

## Count 4: Breach of Contract
### (Town of Marshfield)

164.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 163 above.

165.    The defendants deny the allegations contained in Paragraph 165.

166.    The defendants deny the allegations contained in Paragraph 166.

167.    The defendants deny the allegations contained in Paragraph 167.

## Count 5: Defamation
### (Rocco Longo and John E. Hall)

168.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 167 above.

169.    The defendants deny the allegations contained in Paragraph 169.

170.    The defendants deny the allegations contained in Paragraph 170.

171.    The defendants deny the allegations contained in Paragraph 171.

172.    The defendants deny the allegations contained in Paragraph 172.

## Count 6: Intentional Interference With Contractual Relations
### (Rocco Longo and John E. Hall)

173.    The defendants repeat and incorporate by reference their responses to Paragraphs 1 through 172 above.

174.    The defendants deny the allegations contained in Paragraph 174.

175.    The defendants deny the allegations contained in Paragraph 175.

176.    The defendants deny the allegations contained in Paragraph 176.

177.    The defendants deny the allegations contained in Paragraph 177.

WHEREFORE, the defendants deny that the plaintiff is entitled to any relief or damages whatsoever, and request that this Court enter a judgment of dismissal in their favor and against the plaintiff, together with an award of costs and attorney's fees.

### THIRD DEFENSE

Plaintiff's Complaint fails to contain a short and plain statement of plaintiff's claims for relief within the meaning of Fed. R. Civ. P. 8(a)(2).   Therefore, plaintiff's Complaint should be dismissed under Fed. R. Civ. P. 41(b).

### FOURTH DEFENSE

Plaintiff's claims are barred by the doctrine of accord and satisfaction.

### FIFTH DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### SIXTH DEFENSE

On or about March 30, 2015, the defendant, Town of Marshfield, paid the plaintiff $86,678.00 to buy back unused stress days, vacation days and sick leave under plaintiff's employment contract.   The plaintiff cashed the check.   Plaintiff's claims are, therefore, barred. Alternatively, the plaintiff must refund said payment to the Town.

### SEVENTH DEFENSE

Plaintiff resigned effective March 30, 2015 and, therefore, cannot recover in this matter.

### EIGHTH DEFENSE

Plaintiff's employment contract expired and, therefore, was no longer in effect.

### NINTH DEFENSE

Plaintiff fails to state a *prima facie* case of age discrimination and, therefore, cannot recover under G.L. Chapter 151B and/or the ADEA.

## TENTH DEFENSE

The defendants had legitimate, non-discriminatory reasons for their alleged actions and/or decisions and, therefore, the plaintiff cannot recover under G.L. Chapter 151B and/or the ADEA.

## ELEVENTH DEFENSE

Plaintiff failed to meet reasonable performance standards to which other employees are held and, therefore, he cannot recover for age discrimination under G.L. Chapter 151B and/or the ADEA.

## TWELFTH DEFENSE

Plaintiff did not engage in protected conduct and, therefore, he cannot recover for retaliation under G.L. Chapter 151B and/or the ADEA.

## THIRTEENTH DEFENSE

No causal connection existed between plaintiff's protected conduct (if any) and any adverse employment action(s) and, therefore, the plaintiff cannot recover for retaliation under G.L. Chapter 151B and/or the ADEA.

## FOURTEENTH DEFENSE

An employer's breach of the duty to investigate and remedy cannot give rise to a separate cause of action under G.L. Chapter 151B and/or the ADEA.  Therefore, Count 3 of plaintiff's Complaint fails to state a claim upon which relief can be granted.

## FIFTEENTH DEFENSE

Even if the defendant, Town of Marshfield, breached a duty to investigate and remedy Shauna Robinson's claims of gender discrimination (which the defendant denies), the plaintiff lacks standing to pursue said claim on her behalf.

## SIXTEENTH DEFENSE

Even if the defendant, Town of Marshfield, breached a duty to investigate and remedy Shauna Robinson's claims of gender discrimination (which the defendant denies), Count 3 cannot survive absent an actionable discrimination claim.   On January 31, 2017, the Massachusetts Commission Against Discrimination issued a Dismissal and Notification of Rights on a Lack of Probable Cause Finding regarding Ms. Robinson's charge.

## SEVENTEENTH DEFENSE

The defendants, Rocco Longo and John E. Hall, are immune from suit and liability for defamation and intentional interference with contractual relations.

## EIGHTEENTH DEFENSE

The defendants, Rocco Longo and John E. Hall, are protected from liability for defamation and intentional interference with contractual relations under the doctrines of absolute privilege and/or conditional or qualified privilege.

## NINETEENTH DEFENSE

The defendants, Rocco Longo and John E. Hall, are protected from liability for defamation under the fair report privilege.

## TWENTIETH DEFENSE

The defendants, Rocco Longo and John E. Hall, are protected from liability under the First Amendment to the United States Constitution and/or Part 1, Art. XVI of the Massachusetts Constitution.

## TWENTY-FIRST DEFENSE

The statements of the defendants, Rocco Longo and John E. Hall, are true or substantially true.

## TWENTY-SECOND DEFENSE

The statements of the defendants, Rocco Longo and John E. Hall, were matters of opinion or fair comment.

### TWENTY-THIRD DEFENSE

The plaintiff was a public figure/official who cannot prove that defendants' statement(s) were published with actual malice, nor can he prove, by clear and convincing evidence, that the defendants knowingly or recklessly published the alleged defamatory statement(s).

### TWENTY-FOURTH DEFENSE

The defendants, Rocco Longo and John E. Hall, state that their actions and conduct were protected by law and/or legal process and, therefore, the plaintiff cannot recover.

### TWENTY-FIFTH DEFENSE

The defendants' alleged interference with plaintiff's contract (if any) was not improper in motive or means and, therefore, the plaintiff cannot recover.

### TWENTY-SIXTH DEFENSE

The defendants, Rocco Longo and John E. Hall, as the Marshfield Town Administrator and Chair of the Marshfield Board of Selectmen, respectively, are indistinguishable from plaintiff's employer and, therefore, cannot be held liable for tortious interference with plaintiff's contract.

### TWENTY-SEVENTH DEFENSE

The defendants, Rocco Longo and John E. Hall, as the Marshfield Town Administrator and Chair of the Marshfield Board of Selectmen, respectively, cannot be held liable for tortious interference with plaintiff's contract to the extent they acted as plaintiff's supervisors.

### **Jury Demand**

The defendants demand a trial by jury on all claims so triable.

Respectfully submitted,

The Defendants,
TOWN OF MARSHFIELD, ROCCO
LONGO and JOHN E. HALL,

By their Attorneys,
**PIERCE DAVIS & PERRITANO LLP**

*/s/ John J. Davis*
_____
John J. Davis, BBO #115890
10 Post Office Square – Suite 1100N
Boston, MA 02109-4603
(617) 350-0950
jdavis@piercedavis.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on February 21, 2017.

*/s/ John J. Davis*
_____
John J. Davis