**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| KEVIN C. ROBINSON | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | No. 16-cv-12560 |
| TOWN OF MARSHFIELD, et al | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF NONPARTY MARK D. SMITH,
ESQ.'S MOTION TO QUASH PLAINTIFF'S SUBPOENA FOR DEPOSITION AND
DOCUMENTS, AND MOTION FOR A PROTECTIVE ORDER**

*Introduction*

The plaintiff in this wrongful termination action has served a deposition

subpoena and demand for the production of documents on an attorney for defendant

the Town of Marshfield who conducted an internal investigation several years ago on

behalf of the Town.  The subject subpoena should be quashed because it attempts to

invade communications and documents protected by the attorney-client privilege, the

work product doctrine, and Rule 1.6 of the Massachusetts Rules of Professional

Conduct.

*Statement of Facts*[1]

On November 24, 2014, the Board of Selectmen (the "Board") for the Town of

Marshfield (the "Town") voted unanimously to retain Laredo & Smith, LLP as the

---

[1] For purposes of this motion, the facts are drawn from the Plaintiff's Complaint. [D.E. 1.]

Town's special counsel ("Special Counsel") to investigate allegations of violations of the Conflict of Interest Law, see G.L. c. 268A, § 1 et seq. [D.E. 1, ¶ 95.]  The approximately three-month long investigation (which was directed by Mark D. Smith, a partner at Laredo & Smith, LLP) consisted of, *inter alia*, witness interviews and the review and analysis of documents concerning the conduct of Chief Kevin Robinson and other members of his family employed by the Town. [D.E. 1, ¶ 97 et seq.]  At the conclusion of the investigation, on February 25, 2015, Special Counsel provided a written report to the Town. [D.E. 1, ¶ 107.]

In the course of discovery in this action, Plaintiff served a Subpoena to Testify at a Deposition and Demand for Documents (the "Subpoena") upon Attorney Smith seeking information regarding several topics, which can be grouped into three broad categories (1) information and documentation received, created, or reviewed by Special Counsel during the investigation; (2) communications made in the course of the investigation between Special Counsel, on the one hand, and the Town or Town officials and employees, on the other hand; and (3) internal policies, procedures, and other similar documents of Special Counsel's law firm regarding the conduct of investigations of employment matters.[2] A copy of the Subpoena is attached as **Exhibit 1**.

In response to the Subpoena, undersigned counsel attempted to resolve these issues with Counsel for Plaintiff in good faith, but those efforts were not successful.

---

[2] The subpoena was served on Attorney Smith on January 5, 2018.  Counsel for the plaintiff and counsel for Attorney Smith agreed to extend the deadline for objecting to the subpoena and/or filing a motion to quash to February 2, 2018.

*Argument*

I.   **The Subpoena should be quashed because it requires the disclosure of privileged and confidential information from legal counsel.**

Under Fed. R. Civ. P. 26(b)(1) "parties may obtain discovery regarding any *nonprivileged* matter that is relevant to any party's claim or defense…." (emphasis added).  Here, the Subpoena should be quashed as improperly seeking to discover two types of privileged information (1) information protected by the attorney-client privilege, and (2) information protected by the work-product doctrine.

The attorney-client privilege and the work-product doctrine work in tandem.  On the one hand, "where legal advice of any kind is sought from a professional legal advisor in his capacity as such, the communications relating to that purpose, made in confidence by the client, are at his instance permanently protected from disclosure by himself or by the legal adviser except the protection be waived." Crane Sec. Techs., Inc. v. Rolling Optics, AB, 230 F. Supp. 3d 10, 15 (D. Mass. 2017). Indeed, the attorney-client privilege "is the oldest of the privileges for confidential communications recognized by law." State of Maine v. U.S. Dep't of Interior, 298 F.3d 60, 71 (1st Cir. 2002) (citing Weinstein's Federal Evidence). As such, the privilege remains "highly valued."  In re Keeper of Records, 348 F.3d 16, 23 (1st Cir. 2003). "By safeguarding communications between client and lawyer, the privilege encourages full and free discussion, better enabling the client to conform his conduct to the dictates of the law and to present legitimate claims and defenses if litigation ensues." Mississippi Pub. Employees' Ret.

Sys. v. Boston Sci. Corp., 649 F.3d 5, 30 (1st Cir. 2011).  Moreover, while "the attorney-client privilege belongs to the client, not to the attorney," it is the attorney's "obligation to claim the privilege on the client's behalf...."  Ken's Foods, Inc. v. Ken's Steak House, Inc., 213 F.R.D. 89, 97 (D. Mass. 2002).

On the other hand, "the work product doctrine [] protects (1) documents or other tangible things, (2) prepared in anticipation of litigation, (3) by or for a party, or by or for a party's representative." City of Worcester v. HCA Mgmt. Co., 839 F. Supp. 86, 88 (D. Mass 1993) (Gorton, J.). While the attorney-client privilege protects communications, "the work product doctrine protects an attorney's written materials and mental impressions." Vicor Corp. v. Vigilant Ins. Co., 674 F.3d 1, 17 (1st Cir. 2012).  "Proper preparation of a client's case demands that [the lawyer] assemble information, sift what he considers to be the relevant from the irrelevant facts, prepare his legal theories and plan his strategy without undue and needless interference."  United States v. Textron Inc. & Subsidiaries, 577 F.3d 21, 27 (1st Cir. 2009). "A lawyer's work is reflected in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways...." In re Grand Jury Subpoena, 220 F.R.D. 130, 143–44 (D. Mass. 2004).  For that reason, "the range of materials potentially eligible for work product protection is quite broad." Id.  Indeed, discovery into such materials has long been prohibited. See, e.g., United States v. Nobles, 422 U.S. 225, 237 (1975) ("Were such materials open to opposing counsel on

4

mere demand, much of what is now put down in writing would remain unwritten.  An attorney's thoughts, heretofore inviolate, would not be his own. The effect on the legal profession would be demoralizing. And the interests of the clients and the cause of justice would be poorly served.").

Moreover, because the work product doctrine shields from disclosure materials prepared by attorneys "in anticipation of litigation," materials prepared by counsel before an investigation or enforcement action also qualify for work product protection. In re Grand Jury Subpoena, __ F. Supp. 3d __, 2017 WL 3485720, at *5 (D. Mass. July 28, 2017).  Under this view, to satisfy the "anticipation of litigation" requirement, the attorney and the client must have reasonably believed that either a federal or state enforcement action was likely, even before the investigation begins. Id.  In other words, the "because of" standard extends work product protection even to materials which may not have been prepared "primarily" due to the possibility of litigation. Id.

Here, Plaintiff seeks to depose Special Counsel regarding at least the following protected matters:

- The nature and scope of services which Special Counsel provided to the Town;

- The nature and scope of services which Special Counsel provided to the Town concerning investigating potential ethics violations in the

Marshfield Fire Department, including those by Chief Robinson and

Captain Robinson;

- The strategy formulated, and steps taken, by Special Counsel in conducting the subject investigation, including, without limitation, information and documents received by Special Counsel; documents created by Special Counsel during the investigation; information and documents reviewed, relied upon or referred to by Special Counsel; and interviews and other oral conversations between Special Counsel and Town officials and employees;

- The legal opinions and conclusions which Special Counsel provided to the Town; and

- Special Counsel's internal law firm policies, practices and procedures with respect to conducting investigations of employment matters.

Through each one of these topics, Plaintiff attempts to invade a whole host of privileged communications between Special Counsel and the Town in a classic fishing expedition.  See e.g. Rodriguez-O'Ferral v. Trebol Motors Corp., 998 F.2d 1001 (1st Cir. 1993) (affirming denial of discovery where the requests amounted to an unwarranted fishing expedition).  Specifically, Plaintiff seeks to question Special Counsel concerning its communications with the Town and Town officials and employees, which necessarily arose in the context of the internal investigation – information that is

necessarily protected *both* by the attorney-client privilege and the work-product doctrine.

Moreover, without the consent of its client the Town of Marshfield – which it does not have – Special Counsel is prohibited by law and ethics from disclosing any information regarding any legal advice it might have given the Town pursuant to an attorney-client relationship. Mass. R. Prof. Conduct 1.6(a) ("A lawyer shall not reveal confidential information relating to the representation of a client unless the client gives informed consent…."). Indeed, "among the highest duties an attorney owes a client is the duty to maintain the confidentiality of client information." Com. v. Perkins, 450 Mass. 834, 851, 883 N.E.2d 230, 245 (2008).

Federal and state courts in Massachusetts have time and again recognized the importance of these protections by preventing discovery that seeks to invade such privileged matters. Under Fed. R. Civ. P. 26(c), "the court may, for good cause, issue an order to protect … a person from annoyance, embarrassment, oppression, or undue burden or expense … including forbidding the disclosure or discovery." The Subpoena served by Plaintiff on Attorney Smith seeking confidential and privileged communications and documents between an attorney and his client is exactly the type of discovery that the federal and state rules proscribe.

Accordingly, the Court should apply federal Rule 26(c) to protect Special Counsel from Plaintiff's attempt to improperly invade privileged communications with

its client the Town as well as its work product created in anticipation and furtherance of the investigation on behalf of the Town.

**II.    The Subpoena should be quashed because it seeks irrelevant information regarding the internal business practices of a non-party to this litigation.**

In addition, the Court should quashed the Subpoena with respect to certain other topics that are directed to the internal processes and procedures of Special Counsel's law firm, which processes and procedures have nothing to do with the claims and defenses in this action.  Specifically, Plaintiff seeks to depose Special Counsel about, and demands documents evidencing, the law firm's internal "policies, procedures, or other rules of the firm regarding the conduct of investigations of employment matters on behalf of employing entities, including without limitation, municipalities."

As a threshold matter, Special Counsel is a non-party to this litigation.  The Plaintiff has not alleged any impropriety in the manner or method by which Special Counsel has operated, and continues to operate, within this federal district, much less any action by the law firm that has caused any damage to the Plaintiff.  Indeed, all of the allegations brought against the Town and the individual defendants in this lawsuit are based on the underlying assertion that the Town – not Special Counsel – purportedly violated Plaintiff's rights.  That allegation, in and of itself, does not entitle Plaintiff carte blanche and invasive discovery into the internal functioning of *a non-party* that is not alleged to have engaged in any wrongdoing.  Indeed, so requiring would

result in undue and unfair burden and expense upon a non-party to the litigation, which Rule 26(c) specifically prohibits.

Undeniably, Plaintiff has subpoenaed Special Counsel, a non-party, to give testimony about, and produce documents relating to, its internal policies and processes in the hope that such fringe information will somehow lead it to admissible evidence that might support its allegation that the Town violated Plaintiff's rights.

To be sure, to the extent that Plaintiff seeks to discover general background information regarding the investigation into potential ethics violations committed by members of the Marshfield Fire Department, he may do so through the deposition of the Town itself. See, e.g., Darius v. Boston, 433 Mass. 274, 278 (2001) (even if litigant arguably places privileged communications 'at issue' in litigation, there can be no waiver unless application of the privilege denies the opposing party access to information vital to its defense). See also Urban v. Fed. Home Loan Mortg. Corp., 79 F. Supp. 3d 307, 313-14 (D. Mass. 2015) (By placing privileged communications at issue in civil litigation, a party does not automatically waive privilege – rather, a balancing test requires a court to consider whether a defendant has demonstrated the relevancy of the materials sought, whether there is any reasonable alternative source for the information the materials contain, and whether the plaintiff's presumptively valid interest in preserving the confidentiality of its privileged communications outweighs any need for disclosure.)

There is simply no need or rationale to put a non-party through the burden and expense of responding to discovery on topics unrelated to the claims and defenses in this litigation, and searching through, reviewing, and producing its own internal documents, simply to respond to a subpoena that is, on its face, an improper fishing expedition.

Accordingly, the Subpoena must also be quashed as to the topics that seek testimony regarding Special Counsel's internal policies, practices, and procedures, as well as other matters internal to the functioning of the law firm.

*Conclusion*

WHEREFORE, Mark D. Smith, a nonparty, respectfully requests that this Court grant this Motion to Quash Plaintiff's Subpoena Duces Tecum and Motion for Protective Order, and preclude Plaintiff from taking the deposition of Attorney Smith.

Respectfully Submitted,

MARK D. SMITH

By his attorneys,

*/s/ Payal Salsburg*
Marc C. Laredo, BBO No. 543973
Payal Salsburg, BBO No. 568812
Laredo & Smith, LLP
101 Federal Street, Suite 650
Boston, MA 02110
Tel: (617) 443-1100
Fax: (617) 443-1174

Dated: February 2, 2018          laredo@laredosmith.com
                                 salsburg@laredosmith.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing and by first-class mail, postage prepaid, on February 2, 2018, to those identified as non-registered participants.

<u>/s/ *Payal Salsburg*                        </u>
Payal Salsburg