```
              UNITED STATES DISTRICT COURT
           FOR THE DISTRICT OF MASSACHUSETTS
```

| | |
|---|---|
| KEVIN C. ROBINSON,<br>    Plaintiff<br><br>v.<br><br>TOWN OF MARSHFIELD, ROCCO LONGO, in his Official Capacity and individually, and JOHN E. HALL, in his official capacity and individually,<br>    Defendants | CIVIL ACTION NO.<br>1:16-cv-12560-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION TO QUASH SUBPOENA AND FOR A PROTECTIVE ORDER**

Plaintiff, Kevin C. Robinson ("Robinson"), hereby opposes the Motion to Quash and For a Protective Order filed by Loredo & Smith ("L&S"). As grounds therefore, Robinson states as follows:

**I.   RELEVANT FACTS AND PROCEDURAL HISTORY**

Robinson was employed by the Town of Marshfield ("Town") for approximately 37 years. During the last 12 years of his employment, Robinson served as the Town's fire chief. Robinson had a distinguished career and an unblemished record, as well as being widely respected within the fire department, throughout the Town and in the broader, statewide fire fighting community.

Robinson's brother and, eventually, his son joined the fire department. These hires were made through the Civil Service process and did not cause any problems or friction.

When Robinson's niece, Shauna Robinson, ("S. Robinson") was hired through the same Civil Service process, the situation was distinctly different. The Town Administrator, defendant, Rocco Longo ("Longo"), was adamantly opposed to her hire. Longo vocally and repeatedly objected to her hire notwithstanding the fact that he had no legal or other valid basis for objecting.

When Robinson was made aware that there were allegations that S. Robinson was having problems in her training but was not being given the additional training offered to similarly situated male trainees, as required by law, he objected and insisted that she be treated the same as males. For example, there was no evidence that any additional training was offered to address the alleged issues. In contrast, similarly situated males were given specific additional training and counseling. Robinson brought this fact to the attention of Town officials.

In addition, for the first time ever, the fire department retained the services of fire chiefs from other departments to evaluate her, apparently based on an assumption that department personnel could not evaluate her.[1] While each of the evaluators recommended that she receive additional training, she did not receive any additional training.

---

[1] This evaluation was limited to reviewing the written evaluations done by department personnel to determine whether, based on their written evaluations, they had reached the right conclusion. It did not involve any independent work with the trainee or independent observation.

M.G.L. 268A requires certain public employees to file disclosure statements when certain, specified family members are going to work together.  Robinson signed such agreements when his brother and son came to work in the fire department.  His niece is not included in the law but Robinson was ordered by Town officials to sign one anyway.  Robinson signed the disclosure.

As S. Robinson's probationary period continued, tensions escalated.  Longo began to retaliate against Robinson for objecting to his niece's treatment.  He and other Town officials baselessly accused Robinson and his brother of violating the conflict of interest laws and refused to negotiate the renewal of Robinson's Wages and Benefits Contract notwithstanding the fact that all other department heads had completed the renewal process.

In November 2014, the Town sent a letter to Robinson stating that it had hired Mark D. Smith, Esq. ("Smith") of L&S as "special counsel" to conduct a "comprehensive investigation into allegations of unlawful conduct" in the fire department.[2]  The stated reason for the investigation was to ensure the "safe, efficient and lawful" operation of the fire department.  A copy of the letter is attached hereto as **Exhibit A**.

Smith issued his report on February 25, 2015.  The Notice of

---

[2]   However, the investigation was limited to Robinson and his brother.

Public Meeting for the February 27, 2015 meeting of the Board of Selectmen listed the subject of the Executive Session that night as follows: "To investigate charges of criminal misconduct or to consider the filing of criminal complaints..." A copy of the Notice is attached hereto as **Exhibit B**.

At the meeting, the Board voted to place Robinson and his brother on administrative leave pending investigation of possible unlawful conduct. In early March 2015, Town officials were quoted in local media confirming that Robinson and is brother were placed on leave as a result of the February 27 Board Executive Session.

In an undated press release issued in or after April 2015, the Town reiterated and confirmed the previous statements to the press. It stated that an independent investigation had been conducted by Smith who had been engaged as "outside special counsel" in order to "ensure objectivity" in the investigation. It also stated that, *based on Smith's report*, Robinson and his brother were placed on administrative leave and the matter was referred to the State Ethics Commission. A copy of the press release is attached hereto as **Exhibit C**.

Robinson filed a Charge of Discrimination at MCAD in December 2015 alleging age discrimination and retaliation. This action was filed in December 2016.

In the course of discovery in this matter, Robinson served

upon Smith a Deposition Subpoena requiring his appearance at deposition and the production of certain documents related to the investigation.  A copy of the Subpoena is attached as Exhibit 1 to Smith's Motion to Quash.

Smith asserts that the investigation and all related documents and all oral communications, are privileged attorney-client communications and are further protected by the attorney work-product doctrine.  Indeed, the heading on Smith's report states that it is "CONFIDENTIAL AND PRIVILEGED UNDER THE ATTORNEY-CLIENT PRIVILEGE AND THE ATTORNEY WORK PRODUCT DOCTRINE."

The Town, the alleged client, has not asserted any privilege and has taken no position as to whether the requested information is discoverable.  In fact, the Town provided Robinson with a copy of the report and attached a slightly redacted copy as an exhibit to its position statement at MCAD.  In any event, the Town's use of the document waives any privilege that may have existed.[3]

L&S offers no privilege log with respect to the documents requested.  It has neither submitted any documents *in camera* for the court to review nor otherwise described the documents it seeks to withhold.

---

[3]   While unpersuaded, Robinson will assume for the purposes of this motion only that L&S has standing to assert the Town's privilege where the Town has failed or refused to do so and has waived the privilege by relying on the report and by producing it to Robinson.

5

**II.  THE REQUESTED DOCUMENTS AND INFORMATION ARE DISCOVERABLE**

L&S has the burden of demonstrating that the documents and information it seeks to withhold are protected from discovery by the attorney-client privilege or the work product doctrine. *Shea v. McGovern*, 2011 U.S. Dist. Ct. Mass. Westlaw 322652, at 5. L&S has failed to meet that burden.

    **A.  The Documents and Information Are Not Protected by the Attorney-Client Privilege**

By "relying on the thoroughness and competency of the investigation" as a basis for adverse actions taken against Robinson, the Town waived any protection the documents and communications between it and L&S may have had. The privilege is waived, not only for the final report, but "for all documents, witness interviews, notes and memoranda created as part of and in furtherance of the investigation." *Koss v. Palmer Water Dept.*, 2013 U.S. Dist. Ct. Mass. LEXIS 144702 at p. 2.

Smith's report contains countless conclusions of fact that Smith claims are based on the "review and analysis" of seven (7) different categories of documents plus "other documents," all of which were provided by the Town and none of which are identified. Smith also claims to have interviewed "numerous individuals" who also are not identified except to say that they are department employees and Town personnel. Coincidentally, all conclusions in the report support the Town's claims and assertions.

Without any indication of what documents were reviewed, what

6

witnesses were interviewed, what process Smith used and how he reached his conclusions, the report cannot be assessed. What evidence Smith may have left out of his report is equally important as what he included.

While communications the Town had with L&S *seeking legal advice* after the completion of the investigation would be privileged, there is no evidence that such discussions ever took place. *Koss*, at p. 7. Indeed, two days after the report was issued, the Board of Selectman had already scheduled an executive session to act upon its conclusions.

Moreover, L&S has failed to provide a privilege log or even a description of the documents it seeks to withhold. Failure to provide the court with the information needed to assess the claim is, alone, grounds for finding that the privilege has been waived. *Shea*, at p. 4, citing *In Re Grand Jury Subpoena*, 274 F. 3d 563, 575 (1st Cir. 2001).

Any privilege that may have existed has been waived by the Town. L&S cannot assert a privilege that does not exist.

### B. There Was No Litigation Pending or Contemplated at the Time Smith Was Hired to Conduct an Investigation

Smith was hired by the Town and began his investigation in November 2014. There was no litigation pending at that time. There is no evidence whatsoever that any litigation was being contemplated at that time by Robinson. The Town's stated reason for requesting the investigation had nothing to do with

litigation. The Town claims the investigation was to ensure the "safe, efficient and lawful operation" of the department. See Exh. A. Its actions with respect to the report indicate that it assumed that no privilege existed.

Robinson filed his MCAD charge in December 2015, over a year later, after numerous and substantial intervening events. There are simply no facts to support the assertion that the investigation was requested to gather information to be used in litigation. The Town, by its words and actions, denies that this was the reason for ordering the investigation.

L&S has not established that the report is protected attorney work product.

**WHEREFORE**, Plaintiff, Kevin C. Robinson, respectfully requests that this Motion be DENIED and that he be awarded his reasonable attorney's fees in opposing it.

```
                                        PLAINTIFF,
                                        KEVIN C. ROBINSON
                                        By his Attorneys,

                                        /S/ Marisa A. Campagna
                                        _____
                                        Marisa A. Campagna BBO# 552692
                                        71 Commercial Street
                                        Boston, Massachusetts 02109
                                        (617) 338-1101
                                        Marisa@maclawboston.com

                                        Anne Glennon BBO# 658525
                                        P.O. Box 2004
                                        Plymouth Massachusetts 02345
                                        (978) 283-4706
                                        Anneglennon.esq@gmail.com
Dated: February 13, 2018
```

CERTIFICATE OF SERVICE

I hereby certify that this document has been filed through the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filing and by first class mail, postage prepaid, on February 13, 2018, to those identified as non-registered participants.

/s/ Marisa A. Campagna
_____
Marisa A. Campagna