UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN C. ROBINSON,<br>    Plaintiff<br><br>v.<br><br>TOWN OF MARSHFIELD, ROCCO LONGO, in his Official Capacity and individually, and JOHN E. HALL, in his official capacity and individually,<br>    Defendants | CIVIL ACTION NO.<br>1:16-cv-12560-NMG |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO TAKE ADDITIONAL DEPOSITIONS**

Plaintiff, Kevin Robinson ("Robinson"), hereby respectfully requests leave to take two additional depositions in the above captioned matter. Robinson seeks to depose two attorneys employed by the Defendant, Town of Marshfield ("Town"), Robert Galvin ("Galvin"), Town Counsel and John Clifford ("Clifford"), Labor Counsel. As grounds therefore, Robinson states:

**1. Introduction**

On April 24, 2018, Robinson deposed Mark Smith of Loredo and Smith ("L&S"), a law firm hired by the Town to conduct an "independent investigation" into alleged ethics violations at the Town's Fire Department by Robinson and his brother.

Pursuant to the deposition subpoena, and this court's

order,[1] L&S produced its investigatory file. It became clear from those documents and the testimony of Smith at his deposition, as well as the testimony of defendant, Rocco Longo, taken on March 23 and April 20, 2018, that the Town could not withhold information and testimony among Town officials and Galvin and Clifford on the basis of attorney-client privilege.

Galvin and Clifford were active participants in the L&S investigation, frequently participated in decisions that were in the nature of human resources, business or public relations and gave advice to Town officials that they relied upon in taking adverse personnel and disciplinary action against Robinson and his brother.

2. **Communications with Loredo & Smith Are Not Privileged**

First, since the Town asserts its reliance on Smith's advice as a defense to numerous adverse actions taken against Robinson, the privilege is waived, as this court found. When the client uses the substance of the attorney-client relationship to further its own cause, it cannot claim that the communication is privileged. *Vanderbilt v. Town of Chilmark*, 174 F.R.D. 225, 229 (D. Mass. 1997); *Sarko v. Penn-Del Directory Co.*, 170 F.R.D. 127,

---

[1] L&S sought a protective order from the deposition subpoena on the basis of attorney-client privilege. Based on this court's finding that the privilege did not protect the communications between Town officials and L&S attorneys from discovery, L&S was ordered to produce its file and appear for deposition.

130 (E.D. PA 1997). The Town repeatedly has stated that it relied on Smith's report to justify actions against Robinson.

Second, both Galvin and Clifford were intimately and extensively involved in the investigation. They were in regular contact with Smith, giving him information about new issues in the department, each time alleging that Robinson had somehow acted wrongfully, whether relevant to the subject matter of Smith's investigation or not. In addition, counsel provided legal authorities and other materials in support of its claims against Robinson and supporting the outcome they wished Smith to reach. Finally, both attorneys were given a draft of the Smith Report to review before it was finalized and made specific, substantive suggestions for revisions.[2]

The Town's reliance on the Smith report together with its attorneys' active participation in the conduct of the investigation and the formulation of the conclusions render any privilege waived. Robinson should be permitted to depose Clifford and Galvin regarding their communications with Smith and Town officials regarding the Smith investigation and resulting report.

**3.   The Town Cannot Withhold Testimony Related to Advice upon Which it Relied in Making Personnel Decisions**

Robinson is entitled to seek testimony related to advice

---

[2]   They also corrected some typographical errors.

upon which the Town relied in taking adverse personnel actions against him.  As with any legal advice the Town officials and attorneys received from Smith, legal advice Galvin and Clifford gave to Town officials is not protected by attorney-client privilege where the Town relied upon it in making personnel decisions.  *Vanderbilt*, 174 F.R.D. 225, 229; *Sarko*, 170 F.R.D. 127, 130.

The personnel decisions in this matter were of the most serious nature and led to the departure of a 37 year employee who had served as Fire Chief for over a decade.  Robinson is entitled to discover the substance of the process that led Town officials to take the extremely negative actions they took and any advice they relied upon in making those decisions.

**4.    The Town Cannot Demonstrate That Communications with its Attorneys Regarding Certain Personnel Actions Are Privileged**

It is for the Town to demonstrate that the attorney-client privilege applies.  The privilege does not apply to discussions where non-legal advice is being sought or provided.  *Borase v. M/A COM, Inc.* 171 F.R.D. 10, 14-15 (D. Mass. 1997.)

Robinson seeks to elicit information about other personnel actions taken by Town officials based on legal and non-legal advice given to them by Galvin and Clifford both before the L&S report was received and afterward.

Decisions were made by Town officials to withhold Robinson's customary 2% annual salary increase, to refuse to negotiate the

4

renewal of his contract.  This was contrary to the customary and usual practice and the treatment of all other departments heads.  In addition, Town officials decided to file the first complaint against Robinson with the State Ethics Commission before L&S was hired.  Robinson and his brother were placed on administrative leave.  Disciplinary actions were taken and notices of disciplinary hearings were sent to Robinson and his brother.  Statements were made to the public and to local media.  These decisions were related to personnel actions and public relations, not legal proceedings.  Indeed, there was no legal proceeding pending at the time.

　　　Two days after the report was issued by L&S, a Board of Selectmen Meeting Notice/Agenda for the Executive Session to discuss alleged "criminal conduct" and possible "criminal charges" to be brought was issued to the Public.  Smith's report did not contain any reference to criminal conduct whatsoever.  The Town issued a Press Release relating to the report, its conclusions, and other background information about Robinson and included a reference to the Board Agenda repeating the baseless allegation of criminal conduct.

　　　Robinson is entitled to discovery with respect to the underlying reasons for the Town's actions, including suggesting that he may have engaged in criminal conduct.  His efforts to date to do so have been met with the reliance on "advice of

counsel" assertions. If the negative actions taken were based on the advice of counsel, the privilege is waived.

Advice about human resource and personnel decisions are not entitled to any protection. The decision to issue the Agenda for the Board to reach personnel decisions based on the report would not involve legal advice. The Press Release, that included the outcome of the L&S investigation was a business, personnel and public relations issue, not a legal matter.

Robinson requests that he be permitted to examine these witnesses as to all non-privileged communications between them and the decision-makers whose actions gave rise to Robinson's claims.

**5. Robinson Does Not Seek an Extension of Deadlines**

Robinson does not seek to extend any dates in the Scheduling Order in order to complete these depositions, but does not oppose any request by the Town for an extension of the deadlines to file and oppose a Rule 56 motion.

**6. Local Rule 7.1 Conference**

Robinson's counsel notified the Town's counsel of its intent to seek leave to take the depositions of the Towns attorneys on May 6, 2018. The parties conferred on May 8, 2018 in an effort to resolve the issue. The Town's counsel notified Robinson's counsel on May 14, 2018 that he would oppose the request to depose the 2 additional witnesses.

6

**Wherefore**, Kevin Robinson respectfully requests that this Motion be allowed.

          PLAINTIFF,
          KEVIN C. ROBINSON

          By his Attorneys,

          /S/ Marisa A. Campagna
          _____
          Marisa A. Campagna BBO# 552692
          71 Commercial Street
          Boston, Massachusetts 02109
          (617) 338-1101
          Marisa@maclawboston.com

          Anne Glennon BBO# 658525
          P.O. Box 2004
          Plymouth Massachusetts 02345
          (617) 285-3670
          Anneglennon.esq@gmail.com

Dated:  May 18, 2018

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 18th day of May 2018.

          /s/ Marisa A. Campagna
          _____
          Marisa A. Campagna