UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

———————————————————
)
KEVIN C. ROBINSON,                                        )
     Plaintiff,                                              )
                                                          )
v.                                                        )          C.A. No. 1:16-cv-12560-NMG
                                                          )
TOWN OF MARSHFIELD, ROCCO                                 )
LONGO, in his Official Capacity and                       )
Individually, and JOHN E. HALL, in his                    )
Official Capacity and Individually,                       )
     Defendants.                                             )
———————————————————)

**DEFENDANTS' OPPOSITION TO THE PLAINTIFF'S
<u>MOTION TO TAKE ADDITIONAL DEPOSITIONS</u>**

Now come the Defendants, Town of Marshfield, Rocco Longo, and John E. Hall, and hereby oppose Plaintiff's Motion to Take Additional Depositions.  As grounds therefor, the Defendants state:

**I.     <u>BACKGROUND</u>**

The instant action was filed by the former Marshfield Fire Chief, Kevin C. Robinson, ("Plaintiff") against the Town of Marshfield, the former Town Manager, Rocco Longo, and a former member of the Board of Selectman, John E. Hall.  In his Complaint, Plaintiff alleges: <u>Count I</u> - a violation of Age Discrimination under M.G.L. c. 151B, § 4(1C), and Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a); <u>Count II</u> - Retaliation under M.G.L. c. 151B, § 4(4) and ADEA, 29 U.S.C. § 623(d); <u>Count III</u> - Failure to Investigate and Remedy under M.G.L. c. 151B and ADEA, 29 U.S.C. § 621, *et seq.*; <u>Count IV</u> - Breach of Contract; <u>Count V</u> - Defamation and <u>Count VI</u> - Intentional Interference with Contractual Relations.

Plaintiff's Complaint was filed on December 20, 2016.  Since that time the parties have conducted discovery, including the exchange of thousands of pages of documents and fourteen depositions.

On January 3, 2018, the parties filed a "Joint Motion to Modify the Scheduling Order." That motion requested that the Court set deadlines as follows:

March 31, 2018 -   Completion of depositions and written discovery, including but

not limited to requests for admissions; and

April 30, 2018 -    Service of summary judgment motions.

As part of that filing, "The parties jointly state and represent that, absent emergency/exigent circumstances, they will make no further requests for extensions of the scheduling order deadlines." See Doc. #21.  That Motion was allowed on January 3, 2018.  Prior to the March 31, 2018 fact discovery deadline, a non-party witness, Attorney Mark Smith[1], filed a Motion to Quash his deposition subpoena.  A hearing on the Motion to Quash was held on March 15, 2018.  After issues related to the Motion to Quash were resolved at the March 15, 2018 hearing, the parties worked to schedule Attorney Smith's deposition.  Because he was not available until April 24, 2018, the parties filed a Joint Motion to Extend Deadlines.  The Court allowed the Motion and reset deadlines as follows:

April 30, 2018 -   Completion of depositions and written discovery, including but

not limited to requests for admissions; and

May 30, 2018 -    Service of summary judgment motions.

---

[1] Attorney Smith was hired by the Town of Marshfield to investigate conflict of interest law violations within the Marshfield Fire Department.

Attorney Smith's deposition was completed as scheduled on April 24, 2018.  Thereafter, the Defendants prepared their Motion for Summary Judgment, which is to be filed on or before May 30, 2018.  Counsel for the Defendants held the required Local Rule 7.1(a)(2) conference with Plaintiff's counsel on May 8, 2018.

## II.      PLAINTIFF'S REQUEST IS UNTIMELY AND SHOULD BE DENIED

Plaintiff now seeks, to reopen discovery to take two additional depositions.  Specifically, Plaintiff's counsel seeks to depose Marshfield Town Counsel, Robert Galvin, and the Town's labor counsel, John Clifford.  The request is untimely and would be prejudicial to the Defendants.

The Plaintiff could have deposed Attorney Clifford and or Attorney Galvin at any point during the pendency of discovery.  They chose not to do so.  Neither of these individuals is a newly disclosed witness.  To the contrary, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2(A) of the United States District Court for the District of Massachusetts, the Defendants completed their initial disclosures on June 28, 2017.   In the disclosures, the Defendants specifically listed both Attorney Clifford and or Attorney Galvin as follows:

### A.      Individuals with Discoverable Information.

17.    **John J. Clifford, Esq.**, Clifford & Kenny, LLP, 31 Schoosett Street – Unit 405, Pembroke, MA 02359 (negotiations regarding contract extension; retirement; Shauna Robinson's employment, job performance and resignation; union grievances; conflicts of interest; ethics violations);

18.    **Robert W. Galvin, Esq.**, Galvin & Galvin, SP, 10 Enterprise Street – Suite 3, Duxbury, MA 02332 (retirement);

See  Defendants' Initial Disclosures as Exh A.

For whatever reason Plaintiff's counsel elected not to notice the deposition of either Attorney Clifford and or Attorney Galvin.  That was a strategic choice on their part.  In their instant

Motion To Take Additional Depositions, Plaintiff's counsel points to the deposition testimony of Attorney Smith and focuses on whether certain conversations between the attorneys were privileged. Without addressing that argument in this Opposition, the Defendants note that each of the witnesses who have been deposed, including Attorney Smith and the Town's employees, answered all deposition questions which were posed to them. There have been no instructions not to answer based upon privilege given by the Defendants' counsel. The testimony of Attorney Smith is not grounds to reopen discovery.

Furthermore, the Plaintiff himself had numerous dealings with both Attorney Clifford and Attorney Galvin as part of the events which give rise to this litigation unfolded. Plaintiff was aware of their potentially discoverable knowledge in this matter long before the Defendants served their initial disclosures on June 28, 2017. In point of fact, Plaintiff's own initial disclosures state:

> The following individuals are known at this time to have discoverable information regarding Plaintiff's claims of age discrimination, retaliation, failure to remedy and investigate discrimination, breach of contract, defamation, and intentional interference with contractual relations:
>
> A.      Persons known to have discoverable information
>
>        8.      John Clifford, Town Labor Counsel
>
>        20.     Robert Galvin, Town Counsel

See Plaintiff's Initial Disclosures as Exh. B.

Likewise, both parties listed Attorney Smith as a witness with discoverable knowledge in their respective Initial Disclosures. All of these depositions could have been completed within the discovery window if the Plaintiff had intended to depose Attorney Clifford and or Attorney Galvin prior to the close of discovery. In point of fact the first time that Plaintiff's counsel ever indicated an intent to take these two depositions was on May 6, 2018, six days after the close of discovery on April 30, 2018.

Additionally, after the close of discovery, the parties held the required Local Rule 7.1(a)(2) conference in which counsel discussed the weakness of Plaintiff's case and the reasons why the Defendants were moving for summary judgment.  The Defendants' Motion for Summary Judgment (on all counts of Plaintiff's Complaint) is essentially complete and will be filed on or before May 30, 2018.  To now allow the Plaintiff to conduct additional discovery would be prejudicial to the Defendants, and for that additional reason Plaintiff's motion should be denied.

### III.    CONCLUSION

For the foregoing reasons, the Defendants oppose Plaintiff's Motion to Take Additional Depositions and respectfully request that this Court order such Motion be denied.

Respectfully submitted,

The Defendants,
TOWN OF MARSHFIELD, ROCCO
LONGO and JOHN E. HALL,
By their Attorneys,
**PIERCE DAVIS & PERRITANO LLP**


*/s/ Jason W. Crotty*
Jason W. Crotty, BBO #656313
10 Post Office Square – Suite 1100N
Boston, MA 02109
(617) 350-0950
jcrotty@piercedavis.com

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing, filed through the Electronic Case Filing System, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that a paper copy shall be served upon those indicated as non-registered participants on May 21, 2018.

*/s/ Jason W. Crotty*
Jason W. Crotty