# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN C. ROBINSON,<br>     Plaintiff<br><br>v.<br><br>TOWN OF MARSHFIELD, ET AL.,<br>     Defendant | CIVIL ACTION NO.<br>1:16-CV-12560-NMG<br><br><br>PLAINTIFF'S INITIAL DISCLOSURE |

Pursuant to Rule 26(a)(1) of the Fed.R.Civ.P. and by the order of this court, Plaintiff in the above captioned matter, Kevin C. Robinson, hereby submits the following Initial Disclosure to the Defendant:

**A.   Persons Known to Have Discoverable Information**

The following individuals are known at this time to have discoverable information regarding Plaintiff's claims of age discrimination, retaliation, failure to investigate and remedy discrimination, breach of contract, defamation, and intentional interference with contractual relations:

1.   Kevin C. Robinson, Marshfield, Massachusetts.

2.   Rocco Longo, Town Administrator.

3.   John E. Hall, former Chair Board of Selectmen.

4.   Matthew J. McDonough, former member, Board of Selectman.

1

5.   Stephen G. Robbins, former member and Chair, Board of
      Selectmen.

6.   Shauna Robinson, former Town employee.

7.   Shaun Robinson, Town employee.

8.   John Clifford, Town Labor Counsel.

9.   William Hocking, Town employee.

10.  Timothy Grenno, Whitman Fire Chief

11.  Scott Duffey, Rockland Fire Chief

12.  Richard Gomes, retired Norton Fire Chief

13.  Glen Coffin, EMTS, Inc.

14.  Louis Cipullo, Town employee.

15.  Eric Morgan, Town employee.

16.  Anthony Boccuzzo, Town employee.

17.  Matthew Cohen, Union President/Town employee.

18.  Michael Maresco, Marshfield, Massachusetts.

19.  James Robinson, Marshfield, Massachusetts

20.  Robert Galvin, Town Counsel

21.  Mark Smith, Esq., Laredo & Smith.

22.  Other current and/or former employees and/or agents of
      Laredo & Smith who may also have knowledge of facts relevant
      to this action.

23.  Other current and/or former employees and/or agents of the
      Town of Marshfield and/or Marshfield Fire Department who may
      also have knowledge of facts relevant to this action.

24.  Other current and/or former Union representatives and/or officials who may also have knowledge of facts relevant to this action.

25.  Tammy F. Robinson, Chief Robinson's wife.

Plaintiff reserves the right to supplement this list.

**B.    Description of Documents, By Category and Location, Which Support Plaintiff's Claims**

1.  Plaintiff's Personnel file, and any and all other documents regarding Plaintiff's compensation and benefits, performance, job duties, promotions, and salary increases; complaints regarding his performance and/or behavior; praise regarding his performance and/or behavior; his separation from employment; and any and all investigations regarding Chief Robinson and/or his employment.  Defendants have possession, custody, and control of these documents.

2.  Defendant Town of Marshfield's handbooks, manuals and/or policies and procedures, as well as any other documents concerning discrimination; retaliation; internal investigations; and employee compensation, benefits, discipline, performance and terminations.  Defendants have possession, custody, and control of these documents.

3.  Documents submitted to and/or received from Mark Smith, Esq.; Laredo & Smith; Regina Ryan, Esq., Louison, Costello, Condon & Pfaff; the MCAD; the State Ethics Commission; or any other individual, entity or governmental agency

concerning Mr. Robinson.  Defendants have possession, custody, and control of these documents.

4.    Documents concerning other complaints, internal or external, of discrimination, retaliation, failure to investigate and remedy discrimination, breach of contract, defamation, and intentional interference with contractual relations. Defendants have possession, custody, and control of these documents.

5.    Documents regarding meetings with or about Chief Robinson and/or his performance, employment, and separation from employment.  Defendants have possession, custody, and control of these documents.

6.    Documents regarding Chief Robinson's complaints of discrimination and the actions, if any, taken by the Defendants in response thereto.  Defendants have possession, custody, and control of these documents.

7.    Documents regarding any investigations into Chief Robinson's complaints of discrimination, including but not limited to the questions asked of, and the answers provided by, each person interviewed; the time spent with each person interviewed; and any and all notes taken by any individual involved in the investigations.  Defendants have possession, custody, and control of these documents.

8.    Documents regarding any investigations into any alleged
      conflict of interest violation committed by Mr. Robinson,
      including but not limited to the questions asked of, and the
      answers provided by, each person interviewed; the time spent
      with each person interviewed; and any and all notes taken by
      any individual involved in the investigations.  Defendants
      have possession, custody, and control of these documents.

9.    Chief Robinson's W-2s and/or 1099Rs regarding earned
      replacement income, if any, and retirement benefits since
      his termination.  Chief Robinson has possession, custody,
      and control of these documents, and will provide them to the
      Defendant pursuant to FRCP 34 upon the execution of a
      mutually agreeable confidentiality stipulation.

10.   The personnel files of:  Shauna Robinson, Peter Degnan, John
      Bandzul, Michael Marshall, John Taylor, Gary Somero, William
      Dixon, James Devaney, David Fleming, and any other
      firefighters who required/received additional training
      following and/or as part of their initial training period
      including both at the Academy and within the Department, and
      any and all other documents regarding said individuals'
      performance, job duties/assignments, training, discipline,
      and employment status; complaints regarding their
      performance and/or behavior; praise regarding their
      performance and/or behavior; and any and all investigations

regarding them and/or their employment.  Defendants have possession, custody, and control of these documents.

11.   Emails to, from, or about Mr. Robinson, his job performance, complaints by or about him, investigations into any such complaints, his compensation and benefits, and his separation from employment.  Defendants have possession, custody, and control of these documents.

12.   Documents regarding discrimination and/or retaliation training provided to the Defendants, the Defendant Town of Marshfield's employees and the Board of Selectmen. Defendants have possession, custody, and control of these documents.

13.   Documents regarding any alleged disciplinary hearings and/or termination hearings held and/or scheduled regarding Mr. Robinson.  Defendants have possession, custody, and control of these documents.

14.   Documents regarding meetings of the Board of Selectman concerning Mr. Robinson, his employment, and/or his separation from employment, including but not limited to meeting: announcements, notices, agendas, minutes, and audio/video recordings.  Defendants have possession, custody, and control of these documents.

15.   Documents regarding any and all media coverage regarding alleged conflict of interest violations and/or criminal

conduct by Mr. Robinson, and/or separation therefrom, including but not limited to the actual articles, video/audio recordings, and online forum postings.

16. Defendant Town of Marshfield's handbooks, manuals and/or policies and procedures, as well as any other documents concerning the hiring and/or employment of family members.

17. Documents regarding family members employed by the Marshfield Fire Department.

18. Documents regarding family members employed by the Marshfield Police Department.

Plaintiff reserves the right to supplement this list.

**C.   Computation of Damages**

Kevin C. Robinson has been greatly damaged by the Defendants' discriminatory, retaliatory, defamatory, and otherwise unlawful treatment towards him. He has lost the wages and benefits of his employment; has suffered a diminution in his earning capacity as well as damage to his personal and professional reputation; has suffered a diminution in his retirement benefits; has experienced severe emotional distress; and has incurred legal expenses, all of which continue to date.

Chief Robinson's emotional distress claim has an estimated value of at least $250,000.00.

The damage to Chief Robinson's personal and professional reputations has an estimated value of at least $250,000.00.

7

Chief Robinson's lost wages from the date of his termination through to the present are valued at a minimum of approximately $62,507.00, and are calculated as follows:

Chief Robinson had no earned replacement income from April of 2015 through approximately September of 2015. Chief Robinson's replacement earnings from his termination to date total approximately $33,300.00. Chief Robinson's retirement benefits from his termination to date total approximately $199,658.00. Had Chief Robinson remained employed by the Town, he would have earned at a minimum approximately $295,465.00 from the date of his termination through to the present, including the minimum 2% annual salary increases and the annual health insurance stipend.

Chief Robinson's benefit losses to date have not yet been calculated.

Chief Robinson's future lost wages total approximately $397,202.00 less replacement earnings & retirement benefits July 2017 through March 2020.

Chief Robinson's significant retirement benefit losses have not yet been calculated.

Chief Robinson's attorneys' fees and costs to date have not yet been calculated.

All damages, as well as all legal fees continue to accrue.

8

In addition, Defendants have exposure for interest from the time of filing, as well as punitive and/or liquidated damages.

Plaintiff reserves the right to supplement and/or revise these disclosures as necessary as more information becomes available.

<div style="margin-left:40%">

PLAINTIFF,
KEVIN C. ROBINSON
By his Attorneys,


Anne Glennon, Esq. BBO# 658525
Law Office of Anne Glennon
P.O. Box 2004
Manomet, Massachusetts 02345
(617) 285-3670
anneglennon.esq@gmail.com


Marisa A. Campagna BBO# 552692
71 Commercial Street
Boston, Massachusetts 02109
(617) 338-1101
Marisa@maclawboston.com

</div>

Dated: June 28, 2017

<center>CERTIFICATE OF SERVICE</center>

I, Anne Glennon, hereby certify that on the 28th day of June, 2017, a copy of the foregoing document was served by email upon John J. Davis, counsel of record for the Defendant.

<center>9</center>