UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEVIN C. ROBINSON,<br>    Plaintiff<br><br>v.<br><br>TOWN OF MARSHFIELD, ROCCO LONGO, in his Official Capacity and individually, and JOHN E. HALL, in his official capacity and individually,<br>    Defendants | CIVIL ACTION NO.<br>1:16-cv-12560-NMG |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION
TO PLAINTIFF'S MOTION TO TAKE ADDITIONAL DEPOSITIONS**

Plaintiff, Kevin Robinson ("Robinson"), hereby responds to the Opposition to Plaintiff's Motion to take two (2) additional depositions in the above captioned matter filed by the Defendant, Town of Marshfield (the "Town") as follows:

Robinson listing the witnesses in his Initial Disclosures did not preclude the Town from asserting that any knowledge these witnesses had was privileged. The Town, likewise, did not waive all claims of privilege by listing them as having knowledge.

Despite the Town's assertion in its opposition, Defendant, John Hall, through his counsel, did object to inquiry about discussions with the counsel at issue in this Motion based on the attorney-client privilege. The assertion of privilege related to the critical issue of how the ethics issues investigated by Smith were transformed into a matter involving "criminal" conduct in

the filings with the State Ethics Commission, and in public records and public statements by Town officials, despite the fact that Smith's file and report do not contain a single reference to "criminal" acts.

In any event, it was not until Robinson had completed all depositions and received the Smith documents that it became clear that the attorney-client privilege effectively had been waived. It is clear from the record that by both attorneys assuming an active role in Smith's investigation and having a role in shaping the results of that investigation. Moreover, the individual decision-makers testified repeatedly that they relied on the advice of the attorney/witnesses at issues in this Motion regarding actions and inaction with respect to personnel decisions made about Robinson.

While the Town asserts that it will be prejudiced by allowing Robinson to complete these two brief depositions,[1] it fails to state how it will be prejudiced. Having to make minor changes to a completed Motion for Summary Judgment based on limited additional testimony is a minor inconvenience but not prejudicial. On the other hand, Robinson would suffer substantial prejudice if he were not permitted to conduct these final depositions and gather all information to which he is entitled.

**Wherefore**, plaintiff, Kevin Robinson, respectfully requests

---

[1] Both depositions could be completed in one day.

that this motion be allowed.

                                RESPECTFULLY SUBMITTED,

                                PLAINTIFF,
                                KEVIN C. ROBINSON

                                By his Attorneys,

                                /S/ Marisa A. Campagna
                                _____
                                Marisa A. Campagna BBO# 552692
                                71 Commercial Street
                                Boston, Massachusetts 02109
                                (617) 338-1101
                                Marisa@maclawboston.com

                                Anne Glennon BBO# 658525
                                P.O. Box 2004
                                Plymouth Massachusetts 02345
                                (617) 285-3670
                                Anneglennon.esq@gmail.com

Dated:  May 24, 2018

**CERTIFICATE OF SERVICE**

    I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 24th day of May 2018.

                                /s/ Marisa A. Campagna
                                _____
                                Marisa A. Campagna